F. BOWDEN COMPANY, A CORPORATION, RESPONDENT, v. FREDERICK W. BAIER AND JOHN P. GENNAVARIO, APPELLANTS.

Submitted December 10, 1923—Decided March 12, 1924.

1. B., an owner of property, made a contract with G. for the erection of a building thereon. The contract and specifications was duly filed in the county clerk's office. The F. B. Co. furnished building materials for the work and afterwards served B. with a stop-notice under the third section of the Mechanics' Lien act. B., subsequent to the service of said notice, paid G. installments of the contract price in excess of the amount of the stop-notice. *Held*, in a suit against B. by the claimant, that B. was estopped by the making of said payments to G. from contending that the moneys paid by B. to G. were not due under the contract.

2. Failure of a contractor to substantially perform a building contract is no defense to a suit against the owner upon a stop-notice where the owner has had in his hands, after service of the stop-notice moneys earned by the contractor, in excess of the amount claimed by the stop-notice, and has paid the same to the contractor.

3. An owner who has paid moneys to a contractor without production by the contractor of certificates required by the contract to be produced by the contractor to entitle him to the payments provided for by the contract cannot set up as a defense in a suit against him instituted by one who furnished materials for the building and served a stop-notice upon the owner, the non-production of said certificates. The owner by his action waived the production of the certificates and is estopped from setting up as a defense to the action upon the stop-notice the non-production of said certificates.

F. Bowden Co. v. Baier.            *99 N. J. L.*

On appeal from the District Court of the Second Judicial District of the county of Hudson.

Before Justices KALISCH and KATZENBACH.

For the appellants, *Isidore Dworkin* and *Lichtenstein & Lichtenstein* (*David Friedenberg,* of counsel).

For the respondent, *Stickel & Naughright* (*W. Stanley Nauright,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. On June 13th, 1922, Frederick W. Baier entered into a building contract with John P. Gennavario by which the latter was to erect for Baier a building at Nos. 183-185 Hoyt street, Kearney, N. J., agreeably to drawings and specifications made by Gennavario. The contract and specifications were duly filed in the Hudson county clerk's office. The contract price was $5,200, to be paid in installments as the work progressed. The contract provided that upon payment of each installment a certificate should be produced to the effect that the work was done in accordance with the drawings and specifications, signed by a person to be selected by the parties to the agreement. On June 26th, 1922, the first payment under the contract was made, and between that date and September 16th, 1922, $3,500 was paid to the contractor.

On September 19th, 1922, the F. Bowden Company, a corporation, which had sold building materials to Gennavario, the contractor, served upon Baier, the owner, a written notice in the usual form to the effect that the contractor was indebted to it in the sum of $402.35 for materials furnished for the construction of the building; that it had demanded payment of the contractor, and that he had refused to pay the same. The notice further notified and required the owner to retain the amount of money due and claimed by the F. Bowden Company, out of the amount owing to the contractor. After the service of this notice the owner continued

making payments to the contractor, to December 23d, 1922, and subsequent to the service of the stop-notice $1,214.30 was paid to the contractor, leaving a balance of $485.71 in the hands of the owner. The owner wholly ignored the notice received from the F. Bowden Company. Thereupon the F. Bowden Company instituted suit against the owner in the Second Judicial District Court of the county of Hudson to recover the amount claimed in the stop-notice. The court rendered a judgment for the plaintiff against the owner. The court stated in its decision that the owner by paying to the contractor, after the service of the notice upon him, moneys in excess of the amount claimed by the stop-notice, was estopped from setting up non-compliance by the contractor with the terms of the contract. The owner had sought at the trial to set up as a defense to the action that the contract had not been completed in accordance with the plans and specifications. From this judgment Baier, the owner, has appealed.

The appellant first contends that in order to recover from him the amount set forth in the stop-notice the claimant must show that at the time of the service of the notice there was money due the contractor from the owner on the contract. This is not a correct statement of the law. The third section of the Mechanics' Lien act provides that where a stop-notice is served the owner shall be authorized to retain the money so due and claimed out of the amount owing by him on the contract or that thereafter may become due from him on such contract. The fact that the appellant paid, after service of the notice upon him, over $1,200 to the contractor, is an admission that the contractor was entitled to these moneys. The owner, as the District Court decided, is estopped in this action from contending to the contrary. His course was to pay the claimant and deduct the amount so paid from the moneys owing or that thereafter might become due and owing to the contractor. He could not ignore the stop-notice.

The second ground of appeal is that where there has been no substantial performance of a contract by the contractor

and the work performed by him is not a mere technical inadvertent or unimportant deviation from its terms, the contractor cannot recover from the owner. The appellant argues that a claimant under a stop-notice stands in the shoes of the contractor. This contention states the law applicable to the legal status between an owner and contractor; but it is not applicable to the facts of the present case. It was sought at the trial to show that the contractor had substantially failed to perform his contract. Whether the contractor did or did not substantially fail to perform his contract was in view of the facts in the present case immaterial. Where a building contract provides for payment by installments and a stop-notice is served under the third section of the Mechanics' Lien act, and installments sufficient to pay the amount have been earned and are due under the contract and are paid to the contractor, the claimant under the stop-notice is entitled to recover the amount due from the owner, although the contractor may subsequently default, and the owner in completing the building under a provision to that effect in the contract may be put to such expense that the balance of the contract price, after deducting the cost of completion, and payments already made, is less than the amount claimed by the stop-notice. *Stone Post Co.* v. *Corcoran,* 80 *N. J. L.* 549. When Gennavario, the contractor, had earned an installment of the contract price, after service of the appellant's stop notice, the appellant was entitled to be paid by the owner the amount due him under the notice, upon the owners being satisfied of the correctness thereof. That the contractor had earned a sum more than sufficient for this purpose is best evidenced by the payments made by the owner to the contractor after service of the stop-notice, to which reference has already been made.

The appellant finally contends that no payments were due the contractor until the certificates required by the contract were produced and that the burden is on the contractor, or a person standing in his shoes, to prove the production of said certificate, or a valid excuse for their non-production. The contract in the present case provided for certificates to be

signed by a person to be selected by the parties to be furnished to the owner. No person appears to have been selected and no certificates appear to have been demanded by the owner when he made payments under the contract. This provision of the contract was made for the protection of the owner. He could waive it if he so desired. Having waived the provision by making payments to the contractor without the production of the certificates, the owner cannot set up the non-production of the certificates to defeat an action instituted against him upon a stop-notice.

The judgment is affirmed, with costs.